IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STACEY TYLER, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| US AIRWAYS, INC., | : | No. 13-5679 |
|     Defendant. | : | |

MEMORANDUM

**Schiller, J.**                                                                                                                                                                               February 10, 2014

     Presently before the Court is the motion of Brian Mildenberg to withdraw as counsel from the representation of Plaintiff Stacey Tyler. Tyler filed an objection to the motion. For the reasons below, the Court grants the motion.

## I.    BACKGROUND

     Stacey Tyler filed a two-count discrimination Complaint in the Philadelphia County Court of Common Pleas. Her Complaint was removed to this Court on September 27, 2013. Defendant filed an Answer on October 3, 2013. To date, no pretrial conference has been scheduled.

     On January 28, 2014, Tyler's lawyer, Mildenberg, filed a motion to withdraw as counsel. Mildenberg states that "communication difficulties, including disagreements concerning Plaintiff's cooperation with counsel, have arisen between Plaintiff and counsel that have made it difficult for counsel to continue to represent Plaintiff." (Mot. to Withdraw Appearance as Counsel for Pl. ¶ 4.) Counsel for Plaintiff further describes "cross words by the client directed to counsel" that render counsel "unable to work with Plaintiff to complete outstanding discovery responses." (*Id*. ¶¶ 7, 10.)

     Tyler responded to her lawyer's motion. However, rather than address the purported

difficulties that have arisen in her relationship with lawyer, she responded that her lawyer failed to include legal claims and that "it appears that my complaint was filed incorrectly." (Pl.'s Objection to the Motion.)

## II. DISCUSSION

Rule 5.1(c) of the Local Rules of Civil Procedure states that "[a]n attorney's appearance may not be withdrawn except by leave of court, unless another attorney of this court shall at the same time enter an appearance for the same party." The decision to grant a motion to withdraw rests within the court's discretion. *Ohntrup v. Firearms Center, Inc.*, 802 F.2d 676, 679 (3d Cir.1986).

The Pennsylvania Rules of Professional Conduct provide that a lawyer may withdraw from representing a client "if the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." Pa. Rules of Prof'l Conduct R. 1.16(b)(6). Additionally, a lawyer may withdraw if "other good cause for withdraw exists." *Id*. 1.16(b)(7).

The Court has reviewed the papers before it and concludes that counsel may withdraw consistent with the rules of professional conduct. The Court recognizes that granting the motion to withdraw leaves Tyler navigating the legal waters without representation. However, it is clear to the Court that the attorney client relationship has broken down such that Mildenberg will not be able to provide the advocacy demanded by the rules of professional conduct. Specifically, Tyler's objection to Mildenberg's motion notes her disagreement with the claims that counsel included in her Complaint as well as her disagreement regarding where her Complaint was originally filed. These are fundamental differences that highlight the breakdown of the relationship between client and

lawyer. Furthermore, if counsel declares under penalty of perjury that cross words from his client have left him unable to complete discovery, it does not serve the ends of justice or aid the Plaintiff to require Mildenberg to continue the representation.

### III.    CONCLUSION

The Court concludes that Mildenberg may withdraw as counsel and therefore grants his motion. An Order consistent with this Memorandum will be docketed separately.